[No. A063871. First Dist., Div. Five. Dec. 21, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD ALBERT LORD, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III(B)-(J).

**COUNSEL**

Mark D. Greenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Richard E. Rochman and Joanne S. Abelson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KING, J.—**

## I. INTRODUCTION

In this case we hold that a hearing on the necessity of a "support person" (Pen. Code, § 868.5) for a six-year-old victim, while testifying in a prosecution for child molestation, was waived by failure to request it.

## II. BACKGROUND

Lord molested six-year-old Myisha at a motel in Hayward on December 20, 1992. Myisha was staying in room 154 with her mother, Marla, and three siblings. Lord was staying in room 123.

That evening, Marla encountered Lord at a vending machine and then visited him in his room for about 15 minutes. Later, Marla left the motel by herself for almost an hour. Myisha did not want to stay with her siblings. Marla left her in room 123 with Lord.

While Marla was gone, Lord molested Myisha. According to Myisha, the following occurred: Lord put Myisha on the bed, "pulled my panties down" and "put his penis in my vagina" while she was "on my tummy," and then "touched" her "real hard" on her "buttock" with his penis. He then allowed her to use the bathroom, and while she sat on the toilet he tried to put his penis in her mouth, which she successfully resisted. He then placed her on the floor and once again put "his penis in my vagina" and then "back . . . to my buttock."

The incident ended when Marla returned and knocked on the door. Lord opened it and Myisha said to Marla, "Your friend had sex with me." Marla took Myisha back to room 154. Myisha's five-year-old sister saw that Myisha was crying, was walking with her legs open, and had blood in her vagina.

After Lord checked out of room 123, the motel's head housekeeper discovered that the linens, towels and blanket were missing and the mattress pad and bedspread were in the bathtub, dripping wet.

Marla told the children not to tell anyone what had happened. She was on parole, and feared losing custody. The incident came to light in mid-January 1993, after Myisha became very upset during a routine doctor's examination of her genital area. The doctor referred her to a sex abuse clinic, where a vaginal examination revealed evidence of fresh trauma (including healing tissue) not more than six months old and probably a lot less.

Motel registration records led the police to Lord. A jury convicted him of four counts of forcible child molestation (Pen. Code, § 288, subd. (b)) and one count of attempted oral copulation with a child (Pen. Code, § 288a, subd. (c)). The court imposed a forty-two-year prison sentence, consisting of four consecutive eight-year terms for the molestation counts, a consecutive four-year term for the attempted oral copulation, a five-year enhancement for a prior serious felony conviction (Pen. Code, § 667), and a one-year enhancement for a prior prison term (Pen. Code, § 667.5).[1]

---

[1]The prior serious felony conviction was for child molestation (Pen. Code, § 288) in 1982. The prior prison term was for annoying or molesting a child (Pen. Code, § 647.6) in 1989. Lord had most recently served a six-month jail term for battery (Pen. Code, § 242) of an eight-year-old girl in 1992 (he kissed her and touched her buttocks).

## III. Discussion

### A. *Necessity of Support Person*

Lord's first argument on appeal arises from the presence of a support person at Myisha's side while she testified at trial. A prosecuting witness in certain criminal cases is entitled to the supporting attendance of two persons at trial, one of whom may accompany the witness to the witness stand. (Pen. Code, § 868.5, subd. (a).) Initially, Myisha's grandfather sat next to her while she testified. He was later replaced by an inspector employed by the district attorney's office.

"California is one of a number of states which has implemented statutes or procedures that allow a person to be present to render support to particular witnesses during their testimony. These procedures normally are focused on the young witness or the witness who is the victim of a sexual offense. The common reasons advanced for the procedure are to allow the witness to more easily come forward and to reduce the psychological harm and trauma the witness might experience. (Annot., Person Accompanying Witness (1990) 82 A.L.R.4th 1038.) The state's interest in safeguarding the physical and psychological well-being of a minor or victim of sexual abuse can be a compelling one." (*People* v. *Patten* (1992) 9 Cal.App.4th 1718, 1726 [12 Cal.Rptr.2d 284].)

In *People* v. *Adams* (1993) 19 Cal.App.4th 412 [23 Cal.Rptr.2d 512], the court rejected a constitutional challenge to California's support person statute, but held there must be a case-specific showing of necessity for support via an evidentiary hearing. The court found this necessity requirement in *Coy* v. *Iowa* (1988) 487 U.S. 1012, 1021 [101 L.Ed.2d 857, 867, 108 S.Ct. 2798], which required individualized findings of necessity to justify child testimony from behind a screen, and *Maryland* v. *Craig* (1990) 497 U.S. 836, 855-856 [111 L.Ed.2d 666, 685, 110 S.Ct. 3157], which required an evidentiary hearing to determine whether child testimony on one-way closed circuit television was necessary to protect the child. (*People* v. *Adams, supra,* 19 Cal.App.3d at pp. 443-444.) ■ Lord contends the court erred by omitting to hold the required hearing and determine Myisha's need for a support person.

The type of showing required at such a hearing is debatable. *Adams* concluded the prosecutor must show, as required in *Maryland,* that the victim would suffer serious emotional distress and would be traumatized by

the defendant's presence. (*People* v. *Adams, supra,* 19 Cal.App.4th at p. 443.) But in *Maryland,* that showing was required because the defendant was denied a face-to-face confrontation with his accuser. (*Maryland* v. *Craig, supra,* 497 U.S. at p. 856 [111 L.Ed.2d at p. 685].) The use of a support person, unlike testimony on one-way closed circuit television, does not deny a face-to-face confrontation, and thus does not implicate the type of constitutional showing required in *Maryland.* The required showing is that set forth in the statute: the support person's attendance "is both desired by the prosecuting witness for support and will be helpful to the prosecuting witness" (Pen. Code, § 868.5, subd. (b)). (*People* v. *Dablon* (1994) 34 Cal.App.4th 372, 385 [34 Cal.Rptr.2d 761] review granted January 5, 1995 (S043524).) In the case of a molested six-year-old victim, it is almost given that the support person's presence is desired and would be helpful, and the statutory showing will be perfunctory.

We need not resolve this point, however, because Lord waived any claim of error by failing to request a hearing and determination of necessity, or otherwise object to the presence of a support person. (*People* v. *Saunders* (1993) 5 Cal.4th 580, 589-590 [20 Cal.Rptr.2d 638, 853 P.2d 1093]; cf. *People* v. *Adams, supra,* 19 Cal.App.4th at p. 434 [objection to use of witness's father instead of grandmother as support person].) Lord argues no objection was required because *Adams,* which described the necessity rule, postdated his trial. But *Adams* did not *create* the necessity rule; its sources are *Coy* v. *Iowa* and *Maryland* v. *Craig,* which predated Lord's trial. Lord also argues that *Maryland* was held inapplicable to the support person statute in *People* v. *Patten, supra,* 9 Cal.App.4th at pages 1726-1727, thus casting doubt on the applicability of the necessity rule and the need for objection at the time of the present trial. In *Patten,* however, no support person accompanied the prosecuting witness to the witness stand, and the appellate court merely held that no constitutional rights are infringed when support persons are present in the audience section of the courtroom. *Patten* did not address the applicability of *Maryland* where a support person accompanies the prosecuting witness to the witness stand, and thus was not a basis for concluding the necessity rule did not apply here.[2]

The absence of an objection deprived the trial court of the opportunity to correct any procedural error and make an evidence-based finding that Myisha needed a support person. For that reason, Lord waived the error he now asserts. (*People* v. *Saunders, supra,* 5 Cal.4th at p. 590; *People* v. *Dablon, supra,* 29 Cal.App.4th at pp. 468-470.)

---

[2]Lord also relies on the rule that the constitutionality of a criminal statute may be challenged for the first time on appeal. (*Hale* v. *Morgan* (1978) 22 Cal.3d 388, 394 [149 Cal.Rptr. 375, 584 P.2d 512].) That rule does not apply here, however, because Lord does not challenge the constitutionality of the support person statute. He merely asserts the denial of a constitutional right to a necessity hearing, which like any right may be waived.

B.-J.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## IV. DISPOSITION

The judgment is modified to impose a one-year sentence for attempted oral copulation (count five) and a total prison term of thirty-nine years, and is affirmed as modified.

Peterson, P. J., and Haning, J., concurred.

A petition for a rehearing was denied January 16, 1995, and appellant's petition for review by the Supreme Court was denied March 30, 1995.

---

*See footnote, *ante*, page 1718.